MICHAEL STARVISH, CDC
(Name)

P.O. BOX 799 002, F2-10.-248Q
(Address)

SAN DIEGO, CALIF. 92179-9002
(City, State, Zip)

F29516
(CDC Inmate No.)

```
┌──────────────────────┐
│ 2254      1983    ✓  │
│ FILING FEE PAID      │
│ Yes___   No ✓        │
│ IFP MOTION FILED     │
│ Yes ✓    No___       │
│ COPIES SENT TO       │
│ Court ✓   ProSe___   │
└──────────────────────┘
```

FILED

2008 JAN 30 PH 4: 15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY RM _____ DEPUTY

# United States District Court
## Southern District of California

MICHAEL STARVISH
(Enter full name of plaintiff in this action.)                      )
                                                                     )
                                          Plaintiff,                 )
                                                                     )
v.                                                                   )
                                                                     )
ARNOLD SCHWARNEGGER, GOVERNOR;                                       )
ROBERT TILLMAN, CDC DIRECTOR ; GREG SEWELL &                         )
ROBERT MUNOZ, P.O. (KURTZ ST) & S.D. PUBLIC DEFENDER;                )
L. LUDWIG, CalPAP ATTORNEY; K. FLEMING, BPT                          )
(Enter full name of each defendant in this action.)  COMMISSIONER,   )
                              Defendant(s).                          )
                                                                     )

'08 CV 0187 JM POR
Civil Case No._____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983
42 U.S.C. § 1985

CLASS ACTION REQUESTED
FED. R. CIV. P. 23 (b) ⊗

### A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below. SEE ALSO BIVENS V. 6 UNKNOWN FBI AGENTS ___ US ___ ( ); PASSMAN V. DAVIS, ___ U.S. ___ ( ). 28 U.S.C. § 1985; CLASS ACTION CERTIFICATION - FED. R. CIV. P. 23 (b)

### B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, MICHAEL STARVISH
(print Plaintiff's name)
_____, who presently resides at R.J. DONOVAN STATE PRISON, F2-
(mailing address or place of confinement)
10-248u, P.O.B. 799-002, SAN DIEGO, CALIF. 92179-9002, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at S.D. P.O. @
KURTZ ST. (AND AT DONOVAN PRISON on (dates) 12/4/07, 11/20/07, and 12/13/07.
(institution/place where violation occurred)   (Count 1)     (Count 2)        (Count 3)

⊗ MR. MICHAEL STARVISH AND HIS ADVOCATE JEFF S. GOUGH (CDC # V6AA31) ARE W/O FUNDINGS
TO PURCHASE PAPER AND PENCILS (THIS PEN WAS BORROWED) AND WOULD CONSIDER THIS UNDER THE
INTER ALIA, HAINES V. KERNER ___ US __ (  ) ALLOW THE REQUESTED IMMEDIATE INJUNCTIVE
RELIEF SOUGH IN MR. GOUGHS          -1-    HEREWITH DECLARATION. PLEASE HELP!!!

§ 1983 SD Form
(Rev 4/04)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant "ARNIE SCHWARNEGGER" resides in SACRAMENTO ,
(name)    (County of residence)
and is employed as a GOVERNOR OF CALIFORNIA . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: ARNIE IS A ELECTED GOVERNMENTAL OFFICIAL WHO IS DIRECTLY
RESPONSIBLE FOR THE DAILY OPERATIONS OF THE CDC & BPTS COMMUNITY
PAROLE AGENTS AND FAILED TO ENSURE THOSE DEPTS. ACTED CONSTITUTIONALLY .

Defendant ROBERT TILLMAN ("BOBBIE") resides in SACRAMENTO ,
(name)    (County of residence)
and is employed as a CDC & BPT & CDC's COMM. PAROLE DIRCT. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: BEING SUBSERVANT TO ARNIE AS AN APPOINTED PUBLIC OFFICIAL
HE ALSO IS RESPONSIBLE FOR THE DAILY OPERATIONS OF THE CDC & BPTS COM-
MUNITY PAROLE AGENTS AND FAILED TO ENSURE THEY ACTED CONSTITUTIONALLY .

Defendants GREG SEWELL & ROBERT MUNOZ resides in SAN DIEGO COUNTY ,
(name)    (County of residence)
and is employed as a BPT COMMUNITY PAROLE AGENTS . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: BOTH THESE P.O.s ARE SUBSERVANT TO ARNIE & BOBBIE (SUPRA)
AND ARE HIRED TO ACT AS GOVERNMENTAL OFFICIALS ("CONCEALED GUN" CARRYING
"PEACE OFFICERS"), I.E., COMMUNITY-BASED "SECRET" AGENTS OF. THE GOVERNMENT.

✓ Defendant _____ PUBLIC DEFENDER resides in SAN DIEGO COUNTY ,
(name)    (County of residence)
and is employed as a STATE CRIMINAL DEFENSE ATTORNEY . This defendant is sued in
(defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: THIS APPOINTED/ELECTED GOVERNMENTAL OFFICIAL/ATTORNEY IS
RESPONSIBLE FOR THE DAILY OPERATIONS OF THE CITY OF SAN DIEGO "PUBLIC
DEFENDER'S" OFFICE AND SUBORINATE ATTYS. TO PROTECT THE RIGHTS OF STARVISH,

DEFENDANT K. FLEMING, BPT PAROLE REVOCATION DEPUTY COMMISSIONER, AND
RESIDES IN SAN DIEGO COUNTY AND IS EMPLOYED AS A NON-ATTORNEY,
UN-SCHOOLED IN AN ACCREDITATED LAW SCHOOL, AND/OR POLITICAL
APPOINTEE, WHO IS IN THE PRACTICE OF CONVERTING NON-DISCRETIONARY
"RULES OF LAW" INTO (1) SELF-INTEREST ($); (2) SPECIOUS, SPURIOUS
FACT-FINDING WITH DISREGARD TO HISTORICAL FACTS (INCLUDING JUDICIAL);
(3) AND RENDERING ARBITRARY AND CAPRICIOUS DECISION-MAKING
WITHOUT REGARD TO THE LAWFULNESS OR CONSTITUTIONALITY OF
HER DECISION AND PLAINTIFF'S LIBERTY INTEREST, SEE EXHIBIT "A"

2

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: THE 4TH AMENDMENT RIGHT NOT
(E.g., right to medical care, access to courts,
TO BE SUBJECT TO UNLAWFUL SEIZURE (ARREST) W/O LEGAL CAUSE.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

¶1  IN 1994 PLAINTIFF WAS ARRESTED FOR FONDLING A 35 YEAR-OLD WHILE HE WAS DRUNK. HE SQUEEZED HER BREAST THROUGH CLOTHING.

¶2  PLAINTIFF WAS BOOKED IN THE SDCJ AND HELD FOR THREE DAYS TO ANSWER.

¶3  PLAINTIFF RESOLVED THE CHARGE WITH HIS PLEA TO P.C. § 243.4(e)(1)(A MISDEAMEANOR) AND WAS IMMEDIATELY RELEASE W/O FINES W/O ANY PROBATION W/O ANY REQUIREMENT HE REGISTER AS A SEX OFFENDER UNDER THE 1993 LAWS OF PENAL CODE § 290. HE WAS RELEASED FREE!

¶4  IN 2001 PLAINTIFF WAS RELEASED FROM C.D.C. CUSTODY FOR VIOLATING PROBATION WHICH HAD A SUSPENDED SENTENCE. PLAINTIFF AS A RESULT OF THIS PRISON TERM WAS, ARGUENDO GRATIS, OBLIGATED TO SERVE A 4 YEAR TERM OF CALIF.'S PAROLE. AT THE TIME OF HIS RELEASE AND FOR APP. 4 YEAR WAS NOT REQUIRED BY THE CDC/BPT's COMMUNITY PAROLE UNIT TO REGISTER PER P.C. § 290.

¶5  DECEMBER OF 2005 AFTER SERVING A PAROLE REVOCATION TERM (RE ¶4) AND IN THE LAST MONTH OF HIS 4 YEAR PAROLE HE WAS ORDERED BY KURTZ ST. BPT P.O. JASON BRADSHAW TO REGISTER PER P.C. § 290.

¶6  SHORTLY THEREAFTER PLAINTIFF WAS RELEASE FROM PAROLE. (RE ¶¶ 4,5)

¶7  ON 3/17/06 PLAINTIFF WAS ARRESTED FOR NOT TIMELY REGISTER AND/OR NOT PROPERLY REPORTING A CHANGE OF ADDRESS. OVER HIS PROTEST HE WAS NOT REQUIRED TO COMPLIED — BUT FOR P.O. BRADSHAW'S DEMAND — HE ENTERED A INVOLUNTARY PLEA TO A P.C. § 290(g)(2) FELONY AND WAS SENTENCED TO THREE YEARS — ACTUALLY SERVING 20 MONTHS.

¶8  AFTER HIS RELEASE FROM CUSTODY KURTZ ST. P.O.s GREG SEWELL AND FRANK MUNDOZ ARGUED THAT "MEGAN'S LAW" WAS THE LAW AND THAT

(CONT. ¶9)

**CONTINUED COUNT ONE:**

¶ 9  PLAINTIFF WOULD BE IMMEDIATELY ARRESTED FOR VIOLATING HIS
PAROLE.

¶ 10  DEFENDANT GREGG SEWELL, A NON-LAWYER, WAS VERY INSISTENT
THAT "MEGAN'S LAW" APPLIED ALTHOUGH PLAINTIFF REPRESENTED
THAT THE 1993 COURT RECORDS WOULD REVEAL NO P.C. § 290
REQUIREMENT FOR THE MISDEMEANOR SEXUAL BATTERY. PLEASE
CF. ¶ 7, SUPRA (FELONY PROSECUTION)WITH THREE YEAR SENTENCE)
WITH P.C. § 290(g)(6)(30-90 DAYS CUSTODY).

¶ 11  THEREAFTER, PLAINTIFF'S CASE WAS TRANSFERRED TO KURTZ ST. P.O.
FRANKIE MUNDOZ. AGAIN PLAINTIFF REPRESENTED HE WAS NOT REQUIRED
BY THE 1994 (RE?P¶, SUPRA) MISDEAMEANOR CASE TO COMPLY WITH THE
P.C. § 290 REGISTERATION REQUIREMENTS.

¶ 12  DEFENDANT FRANKIE MUNDOZ, A NON-LAWYER, WAS INSISTENT THAT
"MEGAN'S LAW" APPLIED AND AS A PUNITIVE ACTION REQUIRED PLAINTIFF
WEAR A LEG DEVICE OF SOME TYPE.

¶ 13  ON DECEMBER 5, 2007, PLAINTIFF WAS ARRESTED BY DEFENDANT MUNDOZ
FOR SPECIAL CONDITIONS ALL DIRECTLY ASSOCIATED WITH THE COMPELLED
P.C. § 290 ERRONEOUS REGISTERATION.

¶ 14  DURING PLAINTIFF'S § 290 VIOLATION PAROLE HEARING HE INFORMED
BOTH HIS CALPAP L. LUDWIG (DEFENSE ATTORNEY) AND THE BPT DEPUTY
COMMISSIONER K. FLEMING HE WAS NOT A P.C. § 290 REGISTERATION
REQUIRED PAROLEE. BOTH STRENOUSLY COUNTERED ITS THE "LAW" AND A
SUBDUED PLAINTIFF BEGRUDGEDLY ACCEPTED A TEN MONTH W/HALF TIME.
RETURN TO CUSTODY SANCTION/PUNISHMENT. SEE EXHIBIT "B"

¶ 15  DUE TO DEFENDANTS' UNCONSTITUTIONAL VIOLATIONS OF HIS FOURTH AMENDMENT
RIGHTS HE IS EXTREMELY DEPRESSED, HAS SUFFERED INCREASED SEIZURES, AND
HAS SUFFERED DUE TO HIS "PROTECTIVE CUSTODY" STATUS, ETC. . . .

<u>Count 2:</u>  The following civil right has been violated: <u>THE 5TH AMENDMENT RIGHT TO</u>

(E.g., right to medical care, access to courts,

<u>DUE PROCESS WAS VIOLATED DUE TO THE ARBITARY AND CAPRICIOUS ARREST & PROSECUTION</u>

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts:</u>   [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

¶16  PLAINTIFF INCORPORATES BY REFERENCE ¶¶ 1-14, SUPRA, AS IF SPECIFICALLY AVERED.

¶17  AT THE TIME OF PLAINTIFF'S RELEASE FROM CDC CUSTODY FOR VIOLATING HIS PROBATION (¶4, SUPRA) HE WAS COMPELLED BY DEFENDANT JASON BRADSHAW TO COMPLY WITH THE GRIEVOUS REGISTRATION REQUIREMENTS OF P.C. § 290 WITHOUT SAID DEFENDANT INVESTIGATING HIS CLAIM HE WAS NOT REQUIRED.

¶18  AT THE TIME PLAINTIFF MET WITH DEFENDANT GREG SEWELL HE AGAIN OBJECTED TO THE P.C. § 290 REGISTRATION AND ASKED HIM TO INVESTIGATE THE 1994 CASE (RE ¶¶ 1-3, SUPRA) WHICH HE REFUSED TO DO SO.

¶19  AT THE TIME PLAINTIFF MET WITH DEFENDANT FRANKIE MUNDOZ HE AGAIN STRENOUSLY OBJECTED TO THE P.C. § 290 REGISTRATION AND ASKED HIM TO INVESTIGATE THE 1994 CASE (RE ¶¶ 1-3, SUPRA) WHICH HE REFUSED TO DO SO!

¶20  ON DECEMBER 5, 2007, DEFENDANT MUNDOZ, WITHOUT INVESTIGATING PLAINTIFF'S CLAIM HE WAS NOT A P.C. § 290 REGISTERANT — ARRESTED PLAINTIFF FOR VIOLATING VARIOUS "SPECIAL CONDITIONS" DIRECTLY ASSOCIATED WITH THE KURTZ ST. BPT'S COMMUNITY PAROLE OFFICE.

¶21  DURING PLAINTIFF'S BPT PAROLE VIOLATION HEARING HIS CalPAP ATTORNEY L. LUDWIG REFUSED TO INVESTIGATE PLAINTIFF'S CLAIM HE WAS NOT REQUIRED BY THE 1994 MISDEAMEANOR CASE HE WAS NOT ORDERED BY THE COURT TO REGISTER PER P.C. § 290.

¶22  DURING PLAINTIFF'S BPT PAROLE VIOLATION HEARING, OVER DEFENDANT L. LUDWIG, ACQUIECIAL, HE INFORMED DEFENDANT K. FLEMING THAT HE WAS NOT ORDERED/REQUIRED TO BE A P.C. § 290 REGISTERANT. DEFENDANTS LUDWIG AND/OR FLEMING CHORUSED THAT IT WAS THE "LAW" HE HAD TO REGISTER.

¶23  DUE TO DEFENDANT'S UNCONSTITUTIONAL VIOLATIONS OF HIS FIFTH AMENDMENT RIGHTS HE IS EXTREMELY DEPRESSED, HAS SUFFERED INCREASED SEIZURES, AND HAS SUFFERED EXTREME ANXIETY DUE TO HIS "PROTECTIVE CUSTODY" STATUS ETC...

<u>Count 3:</u>  The following civil right has been violated: THE 8TH AMENDMENT RIGHT FROM

(E.g., right to medical care, access to courts,

CRUEL & UNUSUAL PUNISHMENT BY THE DEPRIVATION OF THE 13TH AMENDMENT  .

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts:</u>   [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

¶P24 PLAINTIFF INCORPORATES BY REFERENCE ¶P¶P 1-14 & 16-23, SUPRA, AS IF SPECIFICALLY AVERED.

¶P25 PLAINTIFF AS A RESULT OF THE VIOLATIONS OF HIS 4TH AND/OR 5TH AMENDMENTS

TO BE WITHOUT FEAR OF UNLAWFUL ARREST HAS SUFFERED, ON MORE THAN

SEVERAL OCCASSIONS, EMOTIONAL DISTRESS, INCREASED SEIZURES WITH THE

PSYCHOLOGICAL AND PHYSICAL INJURIES, AND THE EXTREME ANXIETY OF HAVING

THE STIGMA ATTACHED TO ALL SEXUAL OFFENDERS IN PUBLIC.

¶P26 PLAINTIFF AS A RESULT OF THE VIOLATIONS OF HIS 4TH AND/OR 5TH AMENDMENTS

TO BE FREE OF CRUEL & UNUSUAL PUNISHMENTS HAS SUFFERED, ON MORE THAN

SEVERAL OCCASSIONS, INCLUDING TWENTY MONTHS AT THE CDC's AVANOL

STATE PRISON'S "S.N.Y." I.E., "SENSITIVE NEEDS YARD," I.E., "PROTECTIVE

CUSTODY" YARD TO SUFFER PROLONG FEAR, REPRISALS, PHYSICAL HARM,

AND EXTREME ANXIETY OF HAVING THE SO-CALLED PRISON PARLANCE "JACKET"

OF A "SEX OFFENDER."

¶P27  PLAINTIFF AS A RESULT OF THE VIOLATIONS OF HIS 4TH AND/OR 5TH AMEND-

CHARGE    MENTS TO BE OF CRUEL & UNUSUAL PUNISHMENTS HAS SUFFERED THE CDC's

STIGMATIZING OF R.J. DONOVAN'S "RECEPTION YARDS" BULLIES WHO DO

IN FACT SEARCH OUT ALL "SEX OFFENDERS" FOR REPRISALS, PHYSICAL HARM,

AND EXTREME ANXIETY OF BEING A "SEX OFFENDER" — NOTWITHSTANDING

THE INSTANT PLAINTIFF'S ERRONEOUS P.C. § 290 REGISTERATION REQUIRE-

MENT. PLAINTIFF HAS SUFFER AN INCREASE IN SEIZURES AS A RESULT.

¶P28  PLAINTIFF AS A RESULT OF THE VIOLATIONS OF HIS 4TH AND/OR 5TH AND/OR

8TH AMENDMENTS HAS ALSO SUFFERED THE LOSS OF THE 13TH AMEND-

MENT PROTECTION AGAINST FALSE IMPRISONMENT EXCEPT BY LAWFUL

DECREE. IN THIS REGARD DUE TO THE LOSS OF PLAINTIFFS 6TH AMEND-

MENT RIGHT TO EFFECTIVE ASSISTANCE OF DEFENDANT CALPAP ATTORNEY LUDWIG

COUNSEL AND NON-ATTORNEY AND/OR NON-JUDICIAL DEFENDANT BPT .

CONTINUED COUNT 3

DEPUTY COMMISSIONER K. FLEMINGS LAYPERSON AD HOC ARBITARY AND CAPRICIOUS DISREGARD OF THE "RULES OF LAW," I.E., A PLAIN READING OF P.C. § 29D's LANGUAGE, AND APPLICATION OF P.C. § 29D's PLAIN LANGUAGE TO APPLIABLE COURT RECORD LEAD TO THE VIOLATION OF THE 13TH AMENDMENT'S ADVISEMENT. THAT ONLY A PROPERLY INSTRUCTED JURY AND/OR THE 7TH AMENDMENT THAT A JUDICIAL AND/OR ADMINISTRATIVE LAW JUDGE CAN DETERMINE PROPERLY QUESTIONS OF FACTS AS APPLIED TO CONTROLLING LAW.

P.29. PLAINTIFF ALLEGES THAT HIS DEFENDANT PUBLIC DEFENDER _____ _____ (RE P 7, SUPRA) AND DEFENDANT C21PAP PAROLE ATTORNEY COMPLETELY FAILED TO PROTECT PLAINTIFF'S 4TH, 5TH 6TH, 7TH, 8TH, 13TH, AND/OR HIS 14TH AMENDMENT TO VOUCHSAFE THE FULL PHOREA OF PROTECTIONS ENCOMPASSED BY THE 13TH AMENDMENT.

5A

COUNT 4:

~~Count 2:~~ The following civil right has been violated: THE 5TH AMENDMENT (NOTICE OF ANY

(E.g., right to medical care, access to courts,

PUNITIVE PENALTY) FOR VIOLATING PAROLE) WHICH, IN CASE, IS UNCONSTITUTIONAL IMPRISONMENT.

~~due process, free-speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,~~

~~etc.~~) IN VIOLATION OF THE 8TH AND 13TH AMENDMENTS, U.S. CONSTITUTION. BECAUSE THE

EXISTING ~~2RT~~ (REVOCATION SYSTEM) PROCEDURE IS IN VIOLATION OF SEPARATION OF POWERS.

Supporting Facts:   [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

¶P29 PLAINTIFF INCORPORATES BY REFERENCE PPP ¶¶3-14, 20, 28-29.

¶P30 AS STATED ABOVE PLAINTIFF HAS SUFFERED NOT ONLY ARREST (WHICH IS PERMISSIBLE)

FOR VIOLATING THE GENERAL AND SPECIAL CONDITIONS OF CALIF's PRESENT PAROLE SYSTEM

(SEE TITLE 15, DIV. 3, CHP. 1, SUB CHP. 6)(ADMIN. CODIFYING THE ENABLING LEG. VIA THE

GENERAL STATUTES PENAL CODE §§ 3052 ET. SEQ.), BUT ALSO IMPRISONMENT.

¶P31 IT WOULD APPEAR TO PLAINTIFF THAT A READING OF TITLE 15's REGULATORY PROVISIONS

FOR ALL OF CALIF. PAROLE SYSTEM AND "HEARING" PROGRAM HAS BEEN REPEALED.

SEE EXHIBIT "C" (PP 1-7)(07/12/06 PRISONER'S HANDOUT PHAMPLET/BOOK).

¶P32 IT WOULD APPEAR TO PLAINTIFF THAT SCHWARZENEGGER WITH ALL THE ATTORNEYS

REPRESENTED IN VALDIVIA v DAVIS, 206 F.SUPP.2d 1068 (E.D.CAL 2002)(SUB-

STITUTING THE NEW GOVERNOR SCWARNEGGER IN AS DEFENDANT) FAILED TO

CONSIDER THE FACT THAT THE SO-CALLED VALDIVIA REMEDIAL PLAN WAS AGREED-TO

BY THOSE PARTIES AS AN EMERGENCY MEASURE SO THAT CALIF's PAROLE RE-

VOCATION SYSTEM COULD STAY IN OPERATION. THE VALDIVIA REMEDIAL PLAN

¶P33 WAS AN ATTEMPT BY THAT HONORABLE JUDGE TO SAVE CALIF's PAROLE WHICH

THE DISTRICT STATED THE STATE FAILED TO IMPLEMENT MORRISSEY'S HOLDINGS.

¶P33 IT WOULD APPEAR THAT SCWARZENEGGAR AND THE VALDIVIA ATTORNEYS

FAILED TO RECOGNIZED THE FACT THAT UNDER THIS STATE'S THREE

ARTICLE GOVERNMENT THAT THE SENATE SHOULD HAVE BEEN NOTIFIED

BECAUSE IT IS VESTED THE SOLE RESPONSIBILITY OF LEGISLATING THE

PAROLE SYSTEM'S LEGISLATION WHICH IS ENCODIFIED INTO STATUTES WHICH THEN

IS ENCODIFIED (VIA ADMINISTRATION RULE-MAKING AND/OR ADMINISTRATIVE INTER-

PRETATIVE RULES/REGULATORIES).

¶P34 THE FAILURE OF SCHWARZENEGGAR'S ADMINISTRATION'S ATTORNEY TO CONSIDER

CRITICAL COMPONDENT OF THE STATE'S LAW-MAKING IN REGARDS TO THE

PAROLE SYSTEM/PROCEDURES IS VIOLATIVE OF THE SEPARATION OF POWERS

DOCTRINE AND A VIOLATION OF PLAINTIFF'S 5TH, 8TH, AND 13TH AMENDMENT.

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☑ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:

Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised: _____

_____

_____

_____

_____

(e) Approximate date case was filed: _____.

(f) Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☑ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

FOR OVER THREE YEARS PLAINTIFF HAS ATTEMPTED TO BOTH INFORMALLY AND FORMALLY RESOLVE THIS FAILURE OF THE CDC, BPT AND ITS COMMUNITY PAROLE OFFICERS TO LIFT THE YORK OF THE STIGMA, ETC., OF BEING LABELED A "SEX OFFENDER" BOTH IN PRISON AND PUBLICLY. PLAINTIFF WOULD SUGGEST, AS SUBMITTED BY FELLOW PRISONER JEFF S. GOUGH, MANY 100's OF CDC INMATES, PRESENT AND PAST, ARE EFFECT AND HAVE NO RECOGNIZED VOICE. ERGO, THE COURT SHOULD EXCUSE ANY FUTILE EXHAUSTION OF ADMI- NISTRATIVE APPEALS AND CERTIFY THIS ACTION AS A CLASS ACTION PER F.R.CIV.P. 23(b).

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): (A) IMPOSING P.C. § 290 REGISTRATION IN VIOLATION OF P.C. § 290 (a)(2)(D)(ii) OR (a)(2)(E) ; (B) PAROLE OFFICERS FROM AD HOC RULING ON ISSUES OF STATUTORIAL INTERPRETATION; (C) THE USE OF LAY-PERSON BPT DEPUTY COM- A MISSIONER AS OPPOSED TO ALJs ; (D) SUSPENSION OF BPT PAROLE VIOLATION PROCEEDINGS.

2. Damages in the sum of $ 300,000 . (COMPENSATORY)

3. Punitive damages in the sum of $ 3,000,000 ⁰⁰ AND/OR ACCORDING TO PROOF

4. Other: CONSEQUENTIAL ACCORDING PROOF ; ALL EMERGENCY ACTIONS SET FORTH IN PLAINTIFF'S REQUEST FOR AN EMERGENCY INJUNCTIVE RELIEF SET IN FORTH IN THE DECLARATIONS OF MICHAEL STARUISH AND JEFF S. GOUGH.

### F. Demand for Jury Trial

Plaintiff demands a trial by ☐ Jury ☑ Court.  (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge.  The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases.  Consent to a magistrate judge will likely result in an earlier trial date.  If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☑ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

_____
Date

_____
Signature of Plaintiff

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 12/24/07 | LAW LIBRARY (RECEPTION CENTER) | GOUGH | V64431 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM | TO |
|---|---|---|---|---|
| 16 | A121 L | RECEPTION | | |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS FROM | TO |
|---|---|---|
| N/A | | |

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

PLEASE PROVIDE ME ACCESS TO THE RECEPTION CENTER LAW LIBRARY SO I CAN RESEARCH & PREPARE LEGAL DOCUMENTS. IN ADDITION, PLEASE SEND (TWO) COPIES EACH OF (A) 42 USC § 1983 CIVIL RIGHTS COMPLAINT PACKAGE W/SUMMONS (B) STATE P.C. & HABEAS CORPUS PETITION. MOREOVER, ADDRESSES TO DOWNTOWN HALL OF JUSTICE, _____ BROADWAY, S.D., CA

INTERVIEWED BY

Do NOT write below this line. If more space is required, write on back.

DISPOSITION    Building 16 & 17 are denied library access due to CDC policy - Here are your forms.

ATTACHED TO GOUGH'S EXHIBIT "A"
DECLARATION

DATE

State of California                                              Department of Corrections

# Memorandum

Date  :   May 11, 2004

To        Regional Administrators, Institutions Division
          Wardens
          Parole Region Administrators
          Classification and Parole Representatives
          Correctional Counselor IIIs-Reception Centers

Subject:  **ELIMINATION OF BOARD OF PRISON TERMS INMATE APPEALS PROCESS**

Effective May 1, 2004, the Board of Prison Terms (BPT) will cease to process inmate
appeals except as explained below. All institutions, parole offices, inmate law libraries,
and restricted housing units shall post notices (as attached) so as to be readily
available to inmates or parolees. Copies of this memorandum and attachments shall
be provided to all supervising Correction Counselors II for inclusion in their desk copy of
Title 15, Division II.

Administrative Directive 04/01 (attached) announces that inmate appeals will no longer
be accepted for processing unless submitted before May 1. In accordance with the
Americans With Disabilities Act of 1990, Armstrong v. Schwarzenegger Remedial Plan,
and Valdivia v. Schwarzenegger, inmates with verified disabilities may continue to
submit grievances using a BPT Form 1074 or a letter and these will be answered. Any
inmate desiring to appeal a discretionary act by the Board must file directly with the
court. Due process, grant of parole, attorneys appointed for a hearing, witnesses, early
discharge, or good cause decisions, etc., all are "discretionary."
Non-discretionary acts of the Board will be answered on a correspondence "quality
control" basis only. Clerical errors, mistakes, credit eligibility, rules of law are all
non-discretionary.

Important to note: This announcement makes **no change** to the appeal process within
the California Department of Corrections.

                                                    BPT's BOARD 1

*Marilyn Kulwicz*
CHERYL PLILER
Deputy Director
Institutions Division                               OSC

Attachments

cc: J. S. Woodford          John Dovey          Steven Moore
    Rosanne Campbell        Wendy Still         Frank E. Renwick
    E. A. Mitchell          Kathleen Keeshen    Suzan L. Hubbard
    Jan Sale                Ombudsmen's Office  Nola Grannis
    Richard A. Rimmer       Michael B. Neal

                                            EXHIBIT "A"

UHI 13 2004 THU 07:58 PM CORR CSU
RT 1 29 2001  11:59              JL LA.COR              FAX NO. 916 445 0864                    P. 10
                                                        916 322 3475                             P. 12-13

# NOTICE TO ALL INMATES AND PAROLEES

The Board of Prison Terms (BPT) has changed its rules. **The BPT appeals system and 1040 forms are going away.** This means that you can go straight to court asking them to change any BPT decision that was made on May 1, 2004 or afterwards. Except, if you need help with your disability, then you must file a grievance first.

You can still appeal any Board decisions or actions made on or before April 30, 2004. Your right to ask we fix any problems with those decisions or actions ends 90 days after the problem happened. For example, if the problem happened on April 30, 2004, then July 29, 2004 would be the last day to file an appeal.

Any appeal that BPT gets on a decision made before May 1, 2004 will be answered before 120 days is up. For example, if BPT gets the appeal of an April 30, 2004 decision by July 29, 2004, the answer would be sent by November 26, 2004. You can send any questions on those appeals to the Board of Prison Terms, Appeals Unit, 1515 "K" Street, Sixth Floor, Sacramento, CA 95814.

On and after May 1, 2004, decisions or actions about due process, grant of parole, denial of parole, parole revocation, attorneys appointed for hearings, witnesses, early discharge, or good cause findings for hearings _cannot be appealed._ We call these _discretionary decisions._ Any appeals received on those will be returned to you.

Except, you can still send letters asking BPT to fix mistakes that are clerical, or about mandatory discharge, credit eligibility during revocation terms, and other rules of law. We call these _non-discretionary decisions._ Send those to the Board of Prison Terms, Quality Control Unit, 1515 "K" Street, Sixth Floor, Sacramento, CA 95814.

Except, you can still ask for help with your disability before, during, or after the hearing. If you did not get the help you needed, then you can send a _Grievance_ to BPT's ADA Compliance Unit. Staff or your attorney can give you the Form 1074 and help you fill it out. You cannot go to court to complain about not getting help unless you use the grievance process first.

The Valdivia v. Schwarzenegger court ordered that all parolees facing revocation after December 31, 2004 would get an attorney.

The Department of Corrections' (CDC) Appeal System is NOT changing. You can still send problems with credit calculations or other CDC actions to CDC.

This notice is only a summary of the changes. For more details on the changes, see BPT Administrative Directive (AD) 04/01. The Armstrong Remedial Plan (ARP-II) also has more details on disabilities and grievances. Your Correctional Counselor or Parole Agent can explain these rights to you.

Rev.  4/26/04

BOARD OF PAROLE HEARINGS
STATE OF CALIFORNIA

**\*PRIORITY CASE\***

## SUMMARY OF REVOCATION HEARING AND DECISION

(BPH Rules, Chapter 6, Article 3)

| Records Office Use Only |
|---|
| Projected Revocation Release Date |
| Revocation Release Date |
| Controlling Discharge Date |
| Discharge Review Date |

---

### PRELIMINARY INFORMATION

| Type of Hearing | Location of Hearing |
|---|---|
| PROBABLE CAUSE | Parolee in custody at Time of Hearing: YES |

| Basis for Charges | Optional Waiver |
|---|---|
| Parole Violation Report, Dated:     13-DEC-2007 | NO     Date Signed by Parolee: |
| Police Report Agency     Dated: | Date of BPH Action: |
| | Assessment: |

**Legal Data**

The crime for which the parolee was committed to prison occurred on or before 12-31-1978: NO

The crime for which the parolee was committed to prison occurred on or after 1-1-1979: YES

Date of arrest on current parole violation charge(s): 05-DEC-2007

Date hold was placed on current parole violation charge(s): 05-DEC-2007

**ADA**   Special Needs:

**Present at Hearing**     Hearing Officer: K FLEMING

1. [X] Yes  [ ] No  Parolee (If Parolee absent, Why?)
2. [X] Yes  [ ] No  Attorney Name: LUDWIG, L                          [ ] Waived
3. [ ] Yes  [ ] No  Agent of Record or Substitute:        Reason not present:
4. [ ] Yes  [ ] No  Hearing Agent:                        Reason not present:
5. [ ] Yes  [X] No  Observers     Name and Organization:
6. [ ] Yes  [X] No  Interpreter Assigned Language         Name

**Witnesses** (continue on the last page if more than 8 witnesses)

| Present | | Name | Notified | | Wit. Desig.** | | Testified | Excused | If absent, state specific reason. |
|---|---|---|---|---|---|---|---|---|---|
| Yes | No | | Meth.* | Date | Stat. | Req. | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

**\*NOTIFICATION METHOD**

M = Memo        PC = Personal Contact
L = Letter      SP = Subpoena
PH = Phone      TT = Teletype

**\*\*USE ABBREVIATION FOR WITNESS DESIGNATION**

Status:  A = Adverse        Requested by:  S = State
         F = Friendly                      P = Parolee
         V = Victim

---

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| STARVISH, MICHAEL | F29516 | SAN DIEGO 4 / 4<br>MUNOZ, FRANK | 19-DEC-2007 |

EXHIBIT "B"

BOARD OF PAROLE HEARINGS                                                                    STATE OF CALIFORNIA
## SUMMARY OF REVOCATION HEARING AND DECISION

**Preliminary Information (cont.)**

H. HEARING:    Occurred

REASON:

Specify Witnesses/Documents needed for next hearing:

---

### SUMMARY OF FINDINGS

**ADMISSIONS/DENIALS AND FINDINGS**

| Charges | | | PCH | | Plea | | |
|---|---|---|---|---|---|---|---|
| | | | Prob Cause | Dismiss | Admit | Deny | No Plea |
| 1. | 021 | Absconding parole supervision | X | | | | X |
| | | | | | | | |
| 2. | 019 | VSC-FAIL TO PARTICIPATE IN THE GPS PROGRAM | X | | | | X |
| | | | | | | | |
| 3. | 019 | VSC-TAMPER WITH GPS DEVICE | X | | | | X |
| | | | | | | | |
| 4. | 999 | BEING IN PROHIBITED AREA | X | | | | X |
| | | | | | | | |

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| STARVISH, MICHAEL | F29516 | SAN DIEGO 4 / 4 MUNOZ, FRANK | 19-DEC-2007 |

BPH 1103-PCH (Rev. 01/05) Electronic            Page 2 of 5            PERMANENT ADDENDUM

EXHIBIT "B"

BOARD OF PAROLE HEARINGS                                                    STATE OF CALIFORNIA

# SUMMARY OF REVOCATION HEARING AND DECISION

## SUMMARY OF DISPOSITION

Parole Referral:  REFER

Custody Status:  In Custody as of 05-DEC-07

- [ ] Continue on Parole  [ ] Schedule for Revocation
- [ ] Dismiss  [ ] Other Non-Rev Sanction
- [X] Parole Revoked-Return to Custody: 10 months

Serve [ ] Consecutively [ ] Concurrently

- [ ] Parole Revoked-Return to Custody:   months for Psych Rx
- [ ] Time Served:          to

Hold Order: [ ] Place  [ ] Remove

### 3057 Credits

- [X] Eligible
- [ ] Ineligible 3057d-1    Reason for Ineligibility:
  - [ ] Commitment Offense:
  - [ ] Revocation Offense:
  - [ ] Parole Violation:
  - [ ] Sentenced under PC 1168:
- [ ] Unsuitable for credits because of PC 3057(d)(2)(e)
  - [ ] Prior Criminal History
  - [ ] Circumstances & Gravity of Parole Violation

Specify Reason

**Parolee Decision**

[X] Accept   [ ] Reject   [ ] Optionally Waive

**Optional Waivers**

- [ ] Previous BPH Action of _____ is:
  - [ ] Rescinded   [ ] Reaffirmed

**Special Conditions of Parole**

- [ ] Noted   [ ] Reaffirmed   [ ] Amended

**Other**

| Special Condition | Reason |
|---|---|
|  |  |

Instructions to CDCR or DAPO Staff

Miscellaneous Actions

## BPH HEARING PANEL

| | REVOCATION HEARING TIME (MINUTES) | |
|---|---|---|
| NAME: | | |
| NAME: | 1. Prehearing Prep. Time: | 6 |
| | 2. Actual Hearing Time: | 6 |
| DECISION REVIEW BY: | 3. Report Completion Time: | 6 |
| | 4. Other: | |
| | **Total:** | 18 |

Hearing Accommodations (ADA) Provided: [ ] Yes  [ ] No

Accom:

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| STARVISH, MICHAEL | F29516 | SAN DIEGO 4 / 4<br>MUNOZ, FRANK | 19-DEC-2007 |

BPH 1103-PCH (Rev. 01/05) Electronic          Page 4 of 5          PERMANENT ADDENDUM

EXHIBIT "B"

BOARD OF PAROLE HEARINGS                                                                    STATE OF CALIFORNIA
## SUMMARY OF REVOCATION HEARING AND DECISION
### V. OBJECTIONS

[X] None      [ ] Yes

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|------|-----------|--------------------|-------------|
| STARVISH, MICHAEL | F29516 | SAN DIEGO 4 / 4  MUNOZ, FRANK | 19-DEC-2007 |

BPH 1103-PCH (Rev. 01/05) Electronic          Page 5 of 5          PERMANENT ADDENDUM

EXHIBIT "B"

3. Certificate of Compliance as to 11-28-90 order transmitted to OAL 3-21-91 and filed 4-22-91 (Register 91, No. 20).
4. Renumbering of former section 3483 to new section 3485 and new section 3483 filed 9-13-2005; operative 9-13-2005 pursuant to Government Code section 11343.4 (Register 2005, No. 37).

**3484. Monitoring Comparable Wages and Wage Plans.**

(a) The department shall monitor the wage rates and wage plans submitted by the Joint Venture Employer for compliance with PC section 2717.8.

(b) The department will obtain wage data, including wage range information, for each inmate-employee job description from the Employment Development Department, annually.

NOTE: Authority cited: 2717.3 and 5058, Penal Code. Reference: Sections 2717.3, 2717.4, 2717.8 and 5054, Penal Code.

HISTORY:

1. New section filed 9-13-2005; operative 9-13-2005 pursuant to Government Code section 11343.4 (Register 2005, No. 37).

**3485. Inmate Joint Venture Program Participation.**

(a) Inmate employment is "at will" and as such is at the discretion of the employer. The Joint Venture Employer may lawfully terminate inmate-employees at any time with or without cause but not for unlawful reasons. The department may remove inmate-employees from participation in the Joint Venture Program at any time with or without cause.

(b) As a condition of employment, all inmate-employees agree to participate in random urine testing.

(c) Earned wages paid by the Joint Venture Employer will be distributed to inmates by the department once a month, regardless of the frequency the employer issues payroll.

(d) Inmate participation in the Joint Venture Program shall be voluntary as evidenced by their written consent on the department's CDCR Form 1872, (Rev. 9/05) Inmate Participation Agreement—Joint Venture Program (JVP). The Joint Venture Employer shall provide to all inmates hired written information on the conditions of their participation in the Joint Venture Program. Such information shall include, but not be limited to:

(1) Hours of work and the requirements that comparable wages be paid.

(2) Job description.

(3) Right to file complaints regarding claimed violations of their rights under PC section 2717.8, relevant provisions of the Labor Code, and applicable Industrial Welfare Commission Wage Orders.

(4) Inmates shall not be subject to retaliation, as specified in Title 15, CCR, Section 3084.1(d), by the department for their use of the inmate appeal process, to address Joint Venture Employer-related matters. Neither the Joint Venture Employer nor the department shall retaliate against inmates for exercising rights guaranteed under the State Labor Code or elsewhere in law to address Joint Venture Employer-related matters.

(e) The Joint Venture Employer shall post at the worksite and provide to each inmate-employee a notice of applicable employment laws and relevant Labor Code provisions.

(f) The total daily hours worked by inmate-employees in the same job classification as non-inmate employees of the same Joint Venture Employer who are on strike or subject to lockout shall not exceed, for the duration of the strike, the average daily hours worked for the preceding six months, or if the Joint Venture Program has been in operation for less than six months, for the period of the operations. If the secretary determines upon receipt of written notification by the union representing the non-inmate employees on strike or subject to lockout that such a condition exists, the limitation on inmate-employee work hours shall be implemented within 48 hours.

(g) A separate inmate waiting list shall, if necessary, be maintained for each Joint Venture Program operation.

(1) An inmate's inclusion on any waiting list for a Joint Venture Program operation shall not affect their status on any other waiting lists maintained by the facility until such time as the inmate is employed by the Joint Venture Employer.

(2) If the inmate refuses to work, quits, or is removed from the Joint Venture Program, they shall be immediately returned to their housing unit, temporarily unassigned and referred to a classification committee for placement either on a facility waiting list or, if they refuse to work, in a non-credit earning group pursuant to Title 15, CCR Section 3375.

(h) Wages earned by each inmate participating in a Joint Venture Program operation shall be subject to the following deductions, which shall not exceed 80 percent of the inmate's gross wages:

(1) Federal, state and local taxes.

(2) Twenty percent of the inmate's net wages after taxes shall be for any lawful restitution, fine or contributions to any fund established by law compensate the victims of crime.

(3) Twenty percent of the inmate's net wages after taxes shall be for costs of room and board which shall be remitted to the department.

(4) Twenty percent of the inmate's net wages after taxes for allocations for support of family pursuant to state statute, court order, or agreement of the inmate. If the inmate chooses not to send money to a family member, and there is no court-ordered withholding, these funds will be deposited in mandatory savings.

(i) In addition to (h) of 3485, twenty percent of the inmate's net wages after taxes shall be retained for the inmate in mandatory savings under the control of the department.

(1) Funds retained for an inmate's mandatory savings shall be deposited in an interest bearing account.

(2) Inmate-employees who terminate from Joint Venture Program with a savings account balance of $300 or less may voluntarily elect to close their account and have the balance forwarded to their institutional trust account in order to avoid account fees.

(3) Each inmate's savings, plus the interest accrued by their savings, shall be provided to the inmate upon their release. Institution heads may authorize an earlier withdrawal of a portion of an inmate's savings in cases where the inmate is sentenced to 15 years or more and the inmate has accrued $6500 or more in their account.

NOTE: Authority cited: Sections 2717.3 and 5058, Penal Code. Reference: Sections 2717.8 and 5054, Penal Code.

HISTORY:

1. Renumbering and amendment of former section 3483 to new section 3485 and new form CDC 1872 filed 9-13-2005; operative 9-13-2005 pursuant to Government Code section 11343.4 (Register 2005, No. 37).

## SUBCHAPTER 6. PAROLE

### Article 1. Parole Release

**3500. General and Special Conditions of Parole and Outpatient Status.**

Persons committed to the Department who are allowed to go upon and remain upon parole or outpatient status, shall conform to the applicable rules established by or under the authority of the Board of Prison Terms and the Narcotic Addict Evaluation Authority as set forth in Title 15, Divisions 2 and 5 of the California Administrative Code.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 3052 and 5076.2, Penal Code; and Sections 3151 and 3156, Welfare and Institutions Code.

EXHIBIT "C"-1

TITLE 15            DEPARTMENT OF CORRECTIONS AND REHABILITATION            § 3605

HISTORY:

1. New Subchapter 6 (Articles 1–7, Sections 3500–3562, not consecutive) filed 5-13-77; effective thirtieth day thereafter (Register 77, No. 20).

2. Repealer of Subchapter 6 (Articles 1–7, Sections 3500–3560, not consecutive) and new Subchapter 6 (Article 1, section 3500) filed 3-2-83; effective thirtieth day thereafter (Register 83, No. 12). For prior history, see Registers 79, No. 34; 79, No. 8; 78, No. 29; and 77, No. 40.

3. Editorial correction of printing errors (Register 92, No. 5).

**3501.  Restitution Obligations.**

Restitution obligations shall be considered when recommending a parolee for early discharge or when conducting annual discharge review.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 4852.05 and 5054, Penal Code.

HISTORY:

1. New section filed 3-11-2002; operative 4-10-2002 (Register 2002, No. 11).

**3604.  Prerelease Referral.**

An inmate's case shall be referred to the parole region for parole program development 120 days prior to the expected release date, or immediately if less time remains.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:

1. New section filed 5-27-93; operative 6-28-93 (Register 93, No. 22).

**3605.  Parole Assessment.**

(a) For the purpose of this section, the following definitions shall apply:

(1) High Control means the highest level of supervision based on commitment offense(s) and prior criminal history. Cases designated high control shall be reserved for persons with violent felony commitments as described in Penal Code (PC) section 667.5(c); PC section 290 registrants; cases generating extensive media or public attention; or cases involving membership in gangs, as stated on CDC Form 812-A (Rev. 9/92) Notice of Critical Information—Prison Gang Identification, or membership in a disruptive group, as identified on CDC Form 812-B (Rev. 9/92) Notice of Critical Information—Disruptive Group Identification. The following minimum contact requirements shall apply to these cases:

(A) Face-to-face contact by the first working day following release from custody, but no later than the third working day following release. In most cases it is expected that this contact will take place at the office.

(B) Each month one field contact at the parolee's residence. The first face-to-face residential contact shall be within seven working days following release from custody.

(C) Each thirty days one collateral contact.

(D) If anti-narcotic testing applies, a minimum testing schedule of one test per month.

(E) Case review, thirty calendar days after assignment to this category and, if retained in this category, each sixty calendar days thereafter.

(2) High Service means the level of supervision based on service needs and behavioral patterns and is primarily utilized for the placement of civil addicts, or individuals requiring special assistance such as individuals with severe mental or psychiatric problems. The following minimum contact requirements shall apply to these cases:

(A) Face-to-face contact by the first working day following release from custody, but no later than the third working day following release. In most cases it is expected that this contact will take place at the office.

(B) Each month one field contact at the parolee's residence. The first face-to-face residential contact shall be within seven working days following release from custody.

(C) Each thirty days one collateral contact.

(D) With the exception of civil addicts, if anti-narcotic testing applies, a minimum testing schedule of one test per month. Civil Addicts shall be tested weekly; two of which tests must be random/surprise urinalysis tests. One of the two random/surprise tests shall be in the field.

(E) Case review thirty calendar days after assignment to this category and, if retained in this category, each sixty calendar days thereafter.

(3) Control Services means the level of supervision based on commitment offense(s) and prior criminal history, or service needs and behavioral patterns that do not meet the specifications of high control as described in subsection (a)(1) and high service as described in subsection (a)(2). The following minimum contact requirements shall apply for these cases:

(A) Face-to-face contact by the first working day following release from custody and, when possible, the initial interview will be conducted no later than the third working day following release. In most cases, it is expected that this contact will take place at the office.

(B) Two face-to-face contacts per quarter, with at least one being at the parolee's residence. One face-to-face contact at the parolee's residence within fifteen workdays following release from custody.

(C) Each quarter one collateral contact.

(D) If anti-narcotic testing applies, felon parolees shall be tested twice every quarter and non-felon parolees two times each thirty days.

(E) Parolees who complete 180-days of satisfactory parole will automatically be assigned to the minimum supervision category. Exceptions to the automatic reduction shall include violent felony commitments described in PC section 667.5, PC section 290 registrants, cases generating extensive media or public attention gang members, as documented on CDC Form 812-A (Rev. 9/92).

(4) Minimum Supervision means the level of supervision based on commitment offense(s) and prior criminal history, and service needs and behavioral patterns. With the exception of parole outpatient clinic attendees and those cases/parolees identified in subsections (a)(1) and (a)(2), felon parolees who complete 180 days of satisfactory parole under control services supervision, absent a case review, shall be assigned to the minimum supervision level category unless the unit supervisor retains the case at the control services level.

One face-to-face contact shall be conducted in the month prior to discharge. If retained on parole, there shall be two field contacts annually.

(5) Collateral Contact means any communication with an individual concerning a parolee. Collateral contacts may be completed in person, via telephone, or by written or electronic medium.

(b) Upon their initial release from an institution/facility, parolees shall not be placed on the minimum supervision level category. Upon their initial release, parolees shall be placed in one of the following supervision level categories:

(1) High Control.

(2) High Service.

(3) Control Services.

(c) Civil addicts shall remain in the high service supervision level category until they complete 180 days of continuous drug-free outpatient or civil addict parole.

(d) Exceptions to placement in any of the supervision level categories or reduction in any of the supervision level categories described in subsections (a)(1) through (a)(4) may be made by the unit supervisor on a case-by-case basis.

C-2

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 290, 667.5(c), and 5054, Penal Code; and Sections 3151 and 3152, Welfare and Institutions Code.

HISTORY:

1. New section filed 5-18-2000 as an emergency; operative 5-18-2000 (Register 2000, No. 20). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 10-25-2000 or emergency language will be repealed by operation of law on the following day.
2. Editorial correction of History 1 (Register 2000, No. 21).
3. New section refiled 10-24-2000 as an emergency; operative 10-26-2001 (Register 2001, No. 19). A Certificate of Compliance must be transmitted to OAL by 4-4-2001 or emergency language will be repealed by operation of law on the following day.
4. Certificate of Compliance as to 10-24-2000 order, including further amendment of section, transmitted to OAL 3-30-2001 and filed 5-11-2001 (Register 2001, No. 19).

### 3605.5.   Release from Revocation or Limited Placement.

Upon a parolee's release from local custody, their assigned parole agent shall assist the parolee to return to their previous parole program or to develop a new program.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:

1. New section filed 5-27-93; operative 6-28-93 (Register 93, No. 22).

### 3701.1.   Searches of Parolees.

(a) Any contraband or evidence of illegal activity shall be seized by the parole agent or the law enforcement officer conducting a search of a parolee's person, property, or residence. Property not belonging to the parolee shall be seized only when needed as evidence to support a parole violation charge.

(b) Property seized as evidence shall be documented on a CDC Form 1136, Evidence Report and Inventory Receipt, (Rev. 6/88). A copy of the form will be available to either the parolee or a responsible adult, or left at the place of seizure.

(c) Only those areas of a parolee's residence occupied solely by the parolee or of common access shall be searched without a search warrant.

(d) A parole agent's authority to search or arrest a parolee may be delegated to another law enforcement agency under any of the following circumstances:

(1) There is reason to believe a parole violation has occurred.
(2) The parole agent, due to distance from the scene, is unable to be present.
(3) Contraband will likely be destroyed if the search is delayed.
(e) If staff's forced entry into a structure results in damages to the structure, the parole office shall make available to the landlord or owner the claim form needed to recover repair costs through the State Board of Control.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code; Sections 13920 and 13921, Government Code; *People* v. *Giles*, 233 Cal.App.2nd 643, 43 Cal.Rptr. 758 (1965); and *People* v. *LaJocies*, 119 Cal.App.3d 947, 174 Cal.Rptr. 100 (1981).

HISTORY:

1. New section filed 6-29-93; operative 7-29-93 (Register 93, No. 27).

### 3705.   Cash Assistance.

(a) Cash assistance funds may be loaned to qualified parolees/releasees or dischargees as described in (b), below.

(b) When a request for financial assistance is received, the parole agent shall determine if the requestor needs the assistance and whether other resources are available to meet the need.

(c) If assistance is deemed necessary and not available from other sources, the parole agent shall obtain both of the following:

(1) The unit supervisor's approval for any loan which either exceeds $50 or results in the requestor receiving more than $150 within a 30-day period.

(2) The signature of the requestor on CDC Form 1509 (4/82), Parolee Loan Receipt, before releasing the loan funds.

(d) The parolee/releasee or dischargee shall repay any such loans as soon as their employment and personal circumstances permit. A receipt for every repayment made on a loan shall be provided to the individual.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 5054 and 5060, Penal Code.

HISTORY:

1. New section filed 10-15-93; operative 11-15-93 (Register 93, No. 42).

### 3706.   Parole Outpatient Clinic Services.

(a) Parole outpatient clinic staff shall provide psychiatric diagnosis, evaluation, and treatment for parolees referred by staff. Treatment services may be supplemented by agreements with county mental health or other agencies.

(b) Parolees/Releasees shall be referred to the parole outpatient clinic under either of the following circumstances:

(1) They exhibit any of the following signs:
(A) Delusions, hallucinations, bizarre behavior, persecutory feelings, or disjointed or incoherent speech.
(B) An apparent lessening of control over their behavior.
(C) Suicidal tendencies or attempts.
(D) Extreme anxiety, tension, or depression caused by a situation similar to one which led to past problems.
(E) Excessive anxiety, tension, chronic alcohol abuse, paranoia, or belligerence.
(2) A special condition of parole or release requires the parolee/releasee to participate in psychiatric treatment.

(c) When the department's jurisdiction of a parolee/releasee is expiring and continued treatment or services are required, staff shall assist the parolee/releasee to obtain the services from a community mental health agency. If the services of the agencies cannot be obtained, the parolee/releasee may continue to receive parole outpatient clinic services until community services can be arranged or the services are no longer required.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:

1. New section filed 10-15-93; operative 11-15-93 (Register 93, No. 42).

### 3801.   Special Requirements of Civil Addict Release or Parole.

A parole agent may impose special requirements necessary for a civil addict releasee's or parolee's successful adjustment to their release or parole. Any such requirements which are to remain in effect for more than seven days shall be given to the releasee or civil addict parolee in writing. Any such conditions to remain in effect for more than 30 days shall be submitted to the narcotic addict evaluation authority as a recommendation to impose as a special condition of release or parole.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 3151 and 3201(c), Welfare and Institutions Code; and section 5054, Penal Code.

HISTORY:

1. New section filed 10-15-93; operative 11-15-93 (Register 93, No. 42).

### 3802.   Civil Addict Program Exclusion.

(a) A civil addict parolee or releasee who is determined by the department to be unfit for the civil addict program shall be returned to the committing court with a recommendation to vacate the civil commitment.

(b) Such a determination may be based upon any of the following reasons:

(1) The person engaged in any of the following activities:
(A) Extensive criminal behavior.

(B) Serious criminal behavior unrelated to addiction or substance abuse.

(C) Sales, or possession for sale, of drugs valued at more than $10,000.

(D) Repeated possession of a controlled substance in quantities considered excessive for personal use.

(E) A pattern of using or threatening to use force.

(2) The person commits an act which involved violence or the use of a deadly weapon.

(3) The person refuses to participate in department-prescribed programming.

(4) The person repeatedly absconds from supervision.

(5) The person continues in a pattern of criminal activity not likely to change as a result of supervision.

(6) The person has a long-term medical or psychiatric problem, which renders them unsuitable for outpatient supervision.

(7) The person is not available for supervision because of deportation or a felony commitment to a state or federal prison.

(8) The person has been at-large for more than six months and has a prior conviction for violence, sales of drugs, robbery, or possession of a weapons.

(9) The person has been at-large for more than 12 months.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 3053, Welfare and Institutions Code; and section 5054, Penal Code.

HISTORY:

1. New section deemed approved pursuant to Government Code section 11349.3(a) 11-3-93; filed 11-5-93; operative 12-3-93 (Register 93, No. 45).

## Article 2.   Illegal Aliens

### 3815.   Limitations of Parole Services.

(a) Pursuant to section 411 of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, (PRWORA)(8 U.S.C. section 1621), and notwithstanding any other provision of Title 15, Division 3 of the California Code of Regulations, aliens who are not "qualified aliens" or "nonimmigrant aliens," as defined by federal law, or who are paroled into the United States for less than one year, are ineligible to receive or participate in the following parole services:

(1) Food coupons.

(2) Bus passes.

(3) Job placement services.

(4) Short-term cash assistance.

(b) Verification of immigration status is based on information furnished to the Department by the United States Immigration and Naturalization Services prior to an inmate alien's release on parole.

(c) A determination that an alien is ineligible for the services specified in subdivision (a) may be appealed as provided in section 3084.1 of these regulations.

(d) All eligibility requirements contained herein shall be applied without regard to race, creed, color, gender, religion, or national origin.

(e) For purposes of this section, an alien who, at the time he or she applies for, receives, or attempts to receive a parole benefit specified in subsection (a), is eligible for those benefits if he or she meets all of the conditions of subparagraphs (1), (2), (3), and (4) below:

(1) Has been battered or subjected to extreme cruelty in the United States by a spouse or a parent, or by a member of the spouse's or parent's family residing in the same household as the alien, and the spouse or parent of the alien consented to, or acquiesced in, such battery or cruelty; or has a child who has been battered or subjected to extreme cruelty in the United States by a spouse or a parent of the alien, without the active participation of the alien in the battery or cruelty, or by a member of the spouse's

or parent's family residing in the same household as the alien, and the spouse or parent consented or acquiesced to such battery or cruelty.

(2) In the opinion of the Attorney General of the United States, which opinion is not subject to review of any court, there is a substantial connection between such battery or cruelty and the need for the benefits to be provided.

(3) Has been approved or has a petition pending which sets forth a prima facie case, as enumerated in the Immigration and Nationality Act (INA), for:

(A) Status as a spouse or child of a United States citizen; or

(B) Suspension of deportation and adjustment of status; or

(C) Classification pursuant to clause (ii) or clause (iii) of section 204(a)(1)(B) of the INA.

(D) Cancellation of removal pursuant to section 240A(b)(2) of the INA.

(4) For the period for which the benefits are sought, the individual responsible for the battery or cruelty, as stated in paragraph (e)(1) does not reside in the same household or family eligibility unit as the individual subjected to the battery or cruelty.

NOTE: Authority cited: section 5058, Penal Code. Reference: 8 U.S.C. Sections 1621, 1641, and 1642; section 5054, Penal Code.

HISTORY:

1. New article 2 (section 3815) and section filed 10-28-97; operative 11-27-97 (Register 97, No. 44).

# SUBCHAPTER 7.  PAROLE HEARINGS DIVISION

## Article 1.   Public Attendance at Parole Hearings

### 3901.1.1.   Visitors and Observers at Parole Hearings.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section Penal Code; and section 11120, Government Code.

HISTORY:

1. New subchapter 7, article 1 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing article 1 (Sections 3901.1.1–3901.1.2) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

3. Change without regulatory effect repealing subchapter 7 (Sections 3901.1.1–3901.35.2) filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

### 3901.1.2.   Media Representatives Attendance at Parole Hearings.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056 and 3057, Penal Code; and section 11126, Government Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 2.   Parole Hearing Panel Decisions

### 3901.3.1.   Effective Date and Review of Parole Hearing Panel Decisions.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056 and 3057, Penal Code.

C-3

HISTORY:
1. New article 2 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing article 2 (section 3901.3.1) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 3.   Parole Hearings Division Appeals

**3901.5.1.  Parole Hearing Appeal Procedures.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.
HISTORY:
1. New article 3 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing article 3 (Sections 3901.5.1–3901.5.6) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.5.2.  General Grounds for Parole Hearing Appeals.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.
HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.5.3.  Filing a Parole Hearing Appeal.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.
HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.5.4.  Parole Hearings Division Appeals Unit Decisions.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.
HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.5.5.  Attorney Determination Appeals.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.
HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.5.6.  Expedited Parole Hearing Division Appeals.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 4.   Multijurisdiction Regulations

**3901.7.1.  Application of Regulations to Multijurisdiction Prisoners and Parolees.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.
HISTORY:
1. New article 4 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.7.2.  Determination of Multijurisdiction Status.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056 and 3057, Penal Code.
HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.7.3.  Appeals for Multijurisdiction Prisoners and Parolees.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.
HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.7.4.  Appeals Coordinator Designation.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Section 3060, Penal Code.
HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

## Article 5.   Length and Conditions of Parole

**3901.9.1.  Department Responsibilities.**
Repealed.
NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000 and 5077, Penal Code.
HISTORY:
1. New article 5 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing article 5 (Sections 3901.9.1–3901.9.6) and section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

**3901.9.2. Notice of Parole.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056, 3057, 3060, and 5077, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.9.3. General Conditions of Parole.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3060, 3060.5, and 12020, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.9.4. Special Conditions of Parole.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 290 and 457.1, Penal Code; and section 11590, Health and Safety Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

**3901.9.5. Waiver of Parole.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3000, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.9.6. Length of Parole.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3000, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 6. Reconsideration of Length and/or Conditions of Parole

**3901.11.1. Filing for Reconsideration of Length and/or Conditions of Parole.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000 and 5077, Penal Code.

HISTORY:

1. New article 6 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing article 6 (Section 3901.11.1) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 7. Discharge

**3901.13.1. Discharge Review.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000 and 3001, Penal Code.

HISTORY:

1. New article 7 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing article 7 (Sections 3901.13.1–3901.13.3) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.13.2. Early Discharge.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3000, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.13.3. Statutory Discharge.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3000, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 8. Multijurisdictional Regulations

**3901.15.1. Conditions of Multijurisdiction Parole.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056, 3057, and 11175, Penal Code.

HISTORY:

1. New article 8 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing article 8 (Sections 3901.15.1–3901.15.5) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.15.2. Reconsideration of Multijurisdiction Length and Conditions of Parole.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056, 3057, and 11175, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

C-4

**3901.15.3. Filing the Request for Multijurisdiction Reconsideration.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056, 3057, and 11175, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing article 3 (Sections 3901.5.1–3901.5.6) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.15.4. Submitting Multijurisdiction Reconsideration Request.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056, 3057, and 11175, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.15.5. Right to Multijurisdiction Appeal.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056, 3057, and 11175, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 9. Parole Hold Policy

**3901.17.1. Authority to Place Parole Hold.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056, 3057, and 11175, Penal Code.

HISTORY:
1. New article 9 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing article 9 (Sections 3901.17.1–3901.17.7) and section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

**3901.17.2. Criteria for Placement of Parole Hold.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3056, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

**3901.17.3. Parole Hold Considerations.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3056, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

**3901.17.4. Review of a Parole Hold.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3056, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

**3901.17.5. Reasons for Parole Hold.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3056, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

**3901.17.6. Return to Prison.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3056, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.17.7. Length of Parole Hold.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3057, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 10. Parole Violations and Reports

**3901.19.1. Parole Violation Authority.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056 and 3057, Penal Code.

HISTORY:
1. New article 10 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing article 10 (Sections 3901.19.1–3901.19.6) and section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

**3901.19.2. Behavior to Be Reported.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45; Sections 295–300.3, Penal Code. Reference: Sections 295–300.3, 3000, 3056, 3057 and 3060, Penal Code.

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Amendment of subsection (a)(8) and amendment of Note filed 9-20-99 as an emergency; operative 9-20-99 (Register 99, No. 39). Pursuant to Penal Code section 5058(e) a Certificate of Compliance must be transmitted to OAL by 2-28-2000 or emergency language will be repealed by operation of law on the following day.

3. Certificate of Compliance as to 9-20-99 order transmitted to OAL 1-14-2000 and filed 2-22-2000 (Register 2000, No. 8).

4. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

### 3901.19.3. Investigation of Parole Violations.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000 and 3056, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

### 3901.19.4. Parole Violation Report.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000 and 3056, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

### 3901.19.5. Supplemental Parole Violation Reports.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3063, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

### 3901.19.6. Parole Violation Recommendations.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000, 3056, 3057, 3060, and 3060.5, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

## Article 11. Revocation Proceedings

### 3901.21.1. Location of Revocation Hearings.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056 and 3057, Penal Code.

HISTORY:

1. New article 11 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.21.2. Revocation Period.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000, and 3057, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.21.3. Parole and Community Services Division Review.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

### 3901.21.4. Central Office Calendar.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000, 3056, 3057, and 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.21.5. Parole and Community Services Division Regional Hearing Coordinator Notification.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056 and 3057, Penal Code; and Gagnon v. Scarpelli, 411 US 778 (1973).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.21.6. Central Office Hearing Coordinator Notification.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056 and 3057, Penal Code; and Gagnon v. Scarpelli, 411 US 778 (1973).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.21.7. Revocation Process Time Limits.
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000, 3056, 3057, and 3060, Penal Code; and Morrissey v. Brewer, 408 US 471 (1972).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

C-5

**3901.21.8.   Waiver of Hearing.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000, 3056, 3057, and 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.21.9.   Prehearing Procedures.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000, 3056, 3057, and 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.21.10.   Parolee Rights and Responsibilities at Revocation and Revocation Extension Hearings.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3042, 3063.5, and 3063.6, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.21.11.   Prerevocation Proceedings.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3000, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.21.12.   Revocation Hearing Procedures.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000, 3063.5, and 3063.6, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.21.13.   Parole Revocation Hearing Disposition.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000, 3056, 3057, 3060, and 3060.5, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.21.14.   Time in Custody.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.21.15.   Time in Custody for Psychiatric Treatment.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.21.16.   Disposition of Holds at Hearings.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3057, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.21.17.   Revoked Parolees with New Commitments.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3000, 3001, and 3057, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 12.   Revocation and Revocation Extension Hearings Evidence

**3901.23.1.   Admissible Evidence in Revocation and Revocation Extension Hearings.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056 and 3057, Penal Code.

HISTORY:

1. New article 12 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 6).
2. Change without regulatory effect repealing article 12 (Sections 3901.23.1–3901.23.4) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.23.2.   Documentary Evidence in Revocation and Revocation Extension Hearings.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, Sec. 45. Reference: Sections 3056 and 3057, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

**TITLE 15**              DEPARTMENT OF CORRECTIONS AND REHABILITATION              § 3901.27.1

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.23.3.  Physical Evidence in Revocation and Revocation Extension Hearings.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3056, 3057, and 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.23.4.  Witnesses in Revocation and Revocation Extension Hearings.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: *Morrissey v. Brewer* 408 US 471 (1972).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**Article 13.   Subpoenas to Parole Revocation and Revocation Extension Hearings**

**3901.25.1.   Issuance of Subpoenas.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 5058.5, Penal Code; and *In re Carroll,* 80 Cal.App. 3d 22 (1978).

HISTORY:

1. New article 13 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing article 13 (Sections 3901.25.1–3901.25.8) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.25.2.   Request for Subpoenas.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 5058.5, Penal Code; and *In re Carroll* 80 Cal.App. 3d 22 (1978).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.25.3.   Criteria for Issuance of Subpoenas.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 5058.5, Penal Code; and *In re Carroll* 80 Cal.App. 3d 22 (1978).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.25.4.   Service of Subpoenas.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 5058.5, Penal Code; and *In re Carroll* 80 Cal.App. 3d 22 (1979).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.25.5.   Witness Obligation to Comply with Subpoenas.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 5058.5, Penal Code; and *In re Carroll* 80 Cal.App. 3d 22 (1978).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.25.6.   Quashing of a Subpoena.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 5058.5, Penal Code; and *In re Carroll* 80 Cal.App. 3d 22 (1978).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.25.7.   Subpoena Authority.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 5058.5, Penal Code; and *In re Carroll* 80 Cal.App. 3d 22 (1978).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.25.8.   Subpoena-Related Appeals.**

Repealed.

NOTE; Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 5058.5, Penal Code; and *In re Carroll* 80 Cal.App. 3d 22 (1978).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**Article 14.   Attorney Assistance at Hearings**

**3901.27.1.   Attorney Assistance During Hearings.**

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3057 and 3060, Penal Code; and *Gagnon v. Scarpelli* 411 US 778 (1972).

HISTORY:

1. New article 14 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

§ 3901.27.2                    DEPARTMENT OF CORRECTIONS AND REHABILITATION                    **TITLE 15**

2. Change without regulatory effect repealing article 14 (Sections 3901.27.1–3901.27.12) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.2.  Request for an Attorney.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.3.  Basic Test of Need for Attorney.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.4.  Presumption of Need for Attorney.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.5.  Ability to Speak for Self.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.6.  Preliminary and Final Hearings.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.7.  Information Considered.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.8.  Decision for Attorney Assistance.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.9.  Indigent Prisoner or Parolee.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.10.  Attorney Selection.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972),

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.11.  Hearing Panel Designation.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

**3901.27.12.  Attorney Assistance Appeals.**
Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057 and 3060, Penal Code; and *Gagnon* v. *Scarpelli* 411 US 778 (1972).

HISTORY:
1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 15.  Warrants of Arrest

### 3901.29.1.  Authority to Issue Warrants.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.

HISTORY:

1. New article 15 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing article 15 (Sections 3901.29.1–3901.29.5) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.29.2.  Warrants Based on Parole and Community Services Division Request.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.29.3.  Emergency Actions to Issue Warrants (Off-Duty Hours).

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.29.4.  Recall of Warrant.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.29.5.  State and National Warrant Systems.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3060, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 16.  Multijurisdiction Regulations

### 3901.31.1.  Application of This Article.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057, 3059, 3060, and 3064, Penal Code.

HISTORY:

1. New article 16 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing article 16 (Sections 3901.31.1–3901.31.4) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.31.2.  Absconders from California.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057, 3059, 3060, and 3064, Penal Code; and In re Shapiro 14 Cal. App. 3d 711 (1975).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.31.3.  Multijurisdiction Parolees Who Abscond.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057, 3059, 3060, and 3064, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.31.4.  Revocation of Multijurisdictional Parolees.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 3057, 3059, 3060 and 3064, Penal Code; and In re Shapiro 14 Cal.App. 3d 711 (1975).

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 17.  Parole Revocation Extension Procedures

### 3901.33.1.  Parole Revocation Maximum Term.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3057, Penal Code.

HISTORY:

1. New article 17 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing article 17 (Sections 3901.33.1–3901.33.3) and repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.33.2.  Release to Parole.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3057, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).
2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

### 3901.33.3.  Parole Violation Extension Procedures.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3057, Penal Code.

C-7

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 4-15-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 16).

## Article 18.    Worktime Credits

### 3901.35.1.   Worktime Credits.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: Sections 2931, 2932, 2933, and 3057, Penal Code.

HISTORY:

1. New article 18 and section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing article 18 (Sections 3901.35.1–3901.35.2) and section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).

### 3901.35.2.   Non-Eligibility for Worktime Credits.

Repealed.

NOTE: Authority cited: Stats. 1992, ch. 695, sec. 45. Reference: section 3057, Penal Code.

HISTORY:

1. New section filed 9-3-93; operative 9-3-93 pursuant to Government Code section 11346.2(d) (Register 93, No. 36).

2. Change without regulatory effect repealing section filed 7-8-2003 pursuant to section 100, Title 1, California Code of Regulations (Register 2003, No. 28).



<u>DECLARATION</u>

1

2    I, MICHAEL STARVISH, (CDC #F29516) DECLARE AS FOLLOWS:

3    I AM OF MAJORITY AGE (46 YEARS) AND THE PLAINTIFF IN <u>STARVISH V.</u>

4    <u>SCHWARZENEGGER</u> (NO CASE # ASSIGNED AS OF THE UNDERSIGNED DATE), AND

5    MAKE THIS DECLARATION IN SUPPORT OF MY (1) REQUEST FOR FED. R. CIV. P. 23(b)

6    CLASS ACTION CERTIFICATION AND (2) MY REQUEST THAT THE COURT ISSUE A TRO

7    AND OTHER INJUNCTIVE PREVENTING THE SEPARATION OF MY <u>JOHNSON V. AVERY</u>, 89

8    S. Ct. 747 (1969) PRISONER-ASSISTANCE RIGHT. THIS REQUEST IS NECCESSARY DUE

9    TO THE CDC's TITLE 15, DIV. III, CHP. 1, § 3163 REGULATION WHICH ALLOWS THE ARBI-

10   TARY TRANSFER/SEPARATION OF ANY FELLOW INMATES DUE TO LEGAL ACTIVITIES.

11   THIS REQUEST IS NOT INTENDED TO CAUSE ANY DISRUPTION IN THE ORDERLY CON-

12   TROL OF THE PRISON (R.J. DONOVAN), BUT RATHER, TO ENSURE ME AND THE COURT

13   THAT THIS CIVIL CASE WILL PROCEED ORDERLY UNTIL THIS COURT MAKES A

14   DETERMINATION AS TO WHETHER THIS CIVIL CASE AND THE SIMILAR CLAIMS SET

15   FORTH BY MYSELF AND CELLMATE JEFF S. GOUGH (CDC #64431) MERIT RULE

16   23 CERTIFICATION. I AM REQUESTING THIS RELIEF ONLY UNTIL THIS COURT MAKES

17   THE SAID RULE 23 DETERMINATION. ALSO, I AM SUSPECT OF ATTORNEYS & LAWYERS.

18   THE BASIS FOR MY SUGGESTION FOR RULE 23 CERTIFICATION IS THAT OVER A

19   TWENTY MONTH PERIOD - AS A RESULT OF MY P.C. § 290 FELONY CONVICTION FOR NOT

20   TIMELY REGISTERING FOR AN MISDEAMEANOR BATTERY - I HAVE MET MANY OTHERS,

21   INCLUDING MR. GOUGH, WHO WERE FORCED UNDER THREAT OF PAROLE VIOLATION

22   TO REGISTER PER § 290. THIS DUE TO THE FACT THAT MOST IF NOT ALL SEX OFFENDERS

23   AND § 290 REGISTRANTS HAVE TO SEEK "PROTECTIVE CUSTODY" PROTECTION OR BE

24   TO DEATH THREATS AND PHYSICAL BRUTALITIES. MANY OF THESE ACTS OF VIOLENCE

25   ARE DIRECTED AT § 290 REGISTRANTS WHO ARE NOT LAWFULLY REQUIRED TO COM-

26   PLY WITH § 290. THERE ARE MANY OF US THAT NEED HELP ON THIS MATTER.

27   EXECUTED THIS 21ˢᵗ DAY OF JANUARY, 2008, IN THE YEAR MY/OUR LORDS,

28   _____, MICHAEL STARVISH, DECLARANT PER 28 U.S.C. § 1446(2)

1
<u>DECLARATION</u>

2
    I, JEFF S. GOUGH, DECLARE AND SAYTH AS FOLLOWS:

3
    I AM OF MAJORITY AGE (51 YEARS), NOT A PARTY TO <u>STARVISH V.</u>

4
<u>SCHWARZENEGGER</u> (NO CASE ASSIGNED AS OF THE UNDERSIGNED DATE),

5
AND MAKE THIS DECLARATION FOR MICHAEL STARVISH (CDC#F29516)

6
FOR TWO PURPOSES: (1) TO INFORM THE COURT THAT THERE ARE MANY

7
PRISONER IN THE CUSTODY OF DEFENDANT SCHWARZENEGGER'S PRISON

8
SYSTEM THAT HAVE HAD THE CALIF. PENAL CODE § 290 REGISTERATION

9
FORCED UNPON THEM AT THREAT OF IMMEDIATE PAROLE VIOLATION

10
WHO ARE AFRAID TO COME FORWARD OR DO NOT HAVE THE LEGAL SKILLS

11
TO KNOW THAT THEY ARE NOT REQUIRED TO § 290 REGISTER.; AND (2)

12
THAT I AM ASSISTING MR. MICHAEL STARVISH (JOHNSON V. AVERY, <u>89</u>

13
<u>U.S. CT 747</u> ( 1969 ) AND TITLE 15, DIV. III, CHP. 1, § 3163 (ASSISTING INMATES).

14
    AS TO THE FORMER I ALSO HAVE BEEN COMPELLED UNDER THREAT OF,

15
<u>INTER ALIA</u>, ARREST AND CDC/BPT PAROLE REVOCATION IF I DID NOT COMPLY

16
WITH BPT PAROLE AGENTS (KURTZ ST.): GREG SEWELL'S DEMAND TO COMPLY

17
WITH HIS DEMAND TO PENAL CODE § 290 REGISTERATION REQUIREMENT. IN

18
FACT A TRUE AND CORRECT SET OF MY 1984 CASE IS PROVIDED HEREWITH AS

19
SUPPORT TO MR. STARVICH'S CLAIM HE ALSO — AS HE CLAIMS — HAS SUFFERED

20
AT THE ARBITARY AND CAPRICIOUS ACTION OF DEFENDANT SCHWARZENEGGER'S

21
SUBORINATE CDC/BPT CIVILIAN EMPLOYEES AT KURTZ ST. AND PROBABLY

22
ELSEWHERE. AS TO THE LATER MR. STARVISH DOES NOT TRUST ATTORNEYS AND

23
WOULD ASK THIS COURT TO ISSUE AN ORDER DIRECTING SCHWARZENEGGER

24
AND/OR R.J. DONOVAN'S WARDEN ROBERT HERNANDEZ NOT TO SEPARATE MYSELF

25
AND MR. STARVISH PENDING A RULING ON THE FED. R. CIV. P. 23 CLASS ACTION

26
CERTIFICATION — NOTWITHSTANDING THE C.D.C.'s § 3163 ABILITY TO SEPARATE US.

27
    EXECUTED THIS 21ˢᵗ DAY OF JANUARY, 2008, IN THE YEAR OF MY/OUR LORDS,

28
    _Jeff S. Gough_ , JEFF S. GOUGH, DECLARANT: 28 U.S.C. § 1446(2).

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**2254    1983**

**FILING FEE PAID**

| | |
|---|---|
| Yes | No |

**IFP MOTION FILED**

| |
|---|
| Yes |

**COPIES SENT TO**

Court ☑ ProSe

**FILED**

2008 JAN 30 PM 4:15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

## I (a) PLAINTIFFS

Michael Starvish

## Schwarzenegger, et al

(b) COUNTY OF RESIDENCE OF FIRST LISTED   San Diego
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael Starvish
PO Box 799002
San Diego, CA 92179
F-29516

ATTORNEYS (IF KNOWN)

**'08 CV 0187 JM POR**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)                FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

### 42 U.S.C. 1983

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☑ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☑ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:

JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE

Docket Number

| DATE | January 30, 2008 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|---|
| | | R. Miller |