# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STARVISH,<br>CDCR #F-29516,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil No. 08-0187 JM (POR)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[Doc. No. 2]** |

Michael Starvish ("Plaintiff"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.   Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.　MOTION TO PROCEED IFP**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*,

1  169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain
2  obligated to pay the entire fee in installments, regardless of whether the action is ultimately
3  dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

4      Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund
5  account statement (or institutional equivalent) for the prisoner for the 6-month period
6  immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the
7  certified trust account statement, the Court must assess an initial payment of 20% of (a) the
8  average monthly deposits in the account for the past six months, or (b) the average monthly
9  balance in the account for the past six months, whichever is greater, unless the prisoner has no
10 assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th
11 Cir. 2002). Thereafter, the institution having custody of the prisoner must collect subsequent
12 payments, assessed at 20% of the preceding month's income, in any month in which the
13 prisoner's account exceeds $10, and forward those payments to the Court until the entire filing
14 fee is paid. *See* 28 U.S.C. § 1915(b)(2).

15     While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C.
16 § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-
17 month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2);
18 S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a
19 civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund
20 account statement (or institutional equivalent) ... for the 6-month period immediately preceding
21 the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

22     Without Plaintiff's trust account statement, the Court is simply unable to assess the
23 appropriate amount of the filing fee required to initiate this action. *See* 28 U.S.C. § 1915(b)(1).
24 Therefore, Plaintiff's Motion to Proceed IFP must be DENIED.

25 **II.    CONCLUSION AND ORDER**

26     For the reasons set forth above, **IT IS ORDERED** that:

27     (1)    Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

28

1      (2)    This action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a), and for failure to successfully move to proceed IFP pursuant to 28 U.S.C. § 1915(a).

    (3)    Plaintiff if **GRANTED** forty five (45) days from the date this Order is Filed to either:  (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter.  If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, together with a certified copy of his prison trust account statement within 45 days, this action shall remained closed without further Order of the Court.

DATED:  February 14, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge