# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STARVISH,<br>CDCR # F-29516,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>ARNOLD SCHWARZENEGGER. et al.,<br><br><br>                              Defendants. | Civil No.   08 CV 0187 JM (POR)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT**<br> **[Doc. No. 6];**<br><br>**(2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A;**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR ORDER TO DIRECT U.S. MARSHAL TO SERVE COMPLAINT [Doc. No. 7] AS MOOT; and**<br><br>**(4) DENYING MOTION TO JOIN AS CO-PLAINTIFF OR CLASS MEMBER [Doc. No. 8]** |

Plaintiff, a state inmate currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 6].

## I.  MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 6] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.  MOTION TO JOIN AS CO-PLAINTIFF OR CLASS MEMBER [Doc. No. 8]

A non-party to this action, Jeff Gough, has filed a "Motion to be Joined as a Plaintiff or Class Member." [Doc. No. 8]. In the Complaint itself, Plaintiff refers to Mr.

1  Gough as his "advocate" and Mr. Gough submitted a declaration in which he indicated
2  that he was "assisting" Plaintiff. (Compl. at 1, 32.)  A review of Gough's request and the
3  Complaint suggests that Jeff Gough is not seeking to be added as a plaintiff because he
4  shares the same claims as Plaintiff but rather he is seeking to represent Plaintiff in this
5  matter.  However, Jeff Gough has no standing in this matter, for pro se litigants have no
6  authority to represent the interests of anyone other than themselves. *Warth v. Seldin*, 422
7  U.S. 490, 499 (1975) ("Art. III judicial power exists only to redress or otherwise to
8  protect against injury to the complaining party.... A federal court's jurisdiction therefore
9  can be invoked only when the plaintiff himself has suffered some threatened or actual
10 injury.") (quotations and citation omitted); *Johns v. County of San Diego*, 114 F.3d 874,
11 877 (9th Cir. 1997); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697
12 (9th Cir. 1987) (holding that while a nonattorney may represent himself, he has no
13 authority to appear as an attorney for others).  Accordingly, Jeff Gough's Motion to be
14 Joined as a Plaintiff or Class Member [Doc. No. 8] is **DENIED**.

**III.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

16       The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915
17 also obligate the Court to review complaints filed by all persons proceeding IFP and by
18 those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,
19 sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
20 conditions of parole, probation, pretrial release, or diversionary program," "as soon as
21 practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these
22 provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP
23 complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim,
24 or which seek damages from defendants who are immune.    *See* 28 U.S.C.
25 §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en
26 banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

28       Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua

sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

Plaintiff's Complaint is subject to immediate dismissal to the extent that he is seeking monetary damages against Defendants who are immune. Specifically, Plaintiff claims that Deputy Commissioner for the Board of Prison Terms ("BPT"), K. Fleming, violated his constitutional rights when he revoked his parole and required Plaintiff to register as a sex offender pursuant to CAL. PENAL CODE § 290. (Compl. at 4.) Plaintiff is seeking over three million dollars in compensatory and punitive damages. (*Id.* at 10.)

However, State parole officials are absolutely immune from damages actions based on any decision to impose a parole condition, to have a parolee arrested for an alleged parole violation, or to institute judicial proceedings which result in the revocation of parole. *See Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports).

Accordingly, the Court finds that Plaintiff's Complaint must be dismissed sua

sponte for seeking monetary damages against an immune defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

In addition, Plaintiff seeks to hold Arnold Schwarzenegger liable in his role as Governor for the State of California. (Compl. at 1-2.) In the Complaint, Plaintiff alleges that Defendant Schwarzenegger should held liable because he is "directly responsible for the daily operations of the [California Department of Corrections and Rehabilitation]" and the Board of Prison Terms Community Parole Agents "and failed to ensure those [Departments] acted constitutionally." (Compl. at 2.) However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint in no way sets forth facts which might be liberally construed to support an individualized constitutional claim against Governor Schwarzenegger.

Thus, the claims against Defendant Schwarzenegger are dismissed for failing to

state a claim upon which section 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

Finally, Plaintiff names as a Defendant L. Ludwig, a Deputy Public Defender. (Compl. at 1-3.) To the extent that Plaintiff is seeking to file a § 1983 action against the Public Defender who was appointed to represent him in his parole revocation hearing, his claim must be dismissed. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant during trial and hearings, do not generally act under color of state law because representing a client "is essentially a private function ... for which state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Thus, when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Accordingly, Plaintiff's claims against Deputy Public Defender Ludwig must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A; *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

For all the above reasons, the Court finds that Complaint fails to state a section

1983 claim upon which relief may be granted and seeks monetary damages against immune Defendants, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above.

### IV. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 6] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief could be granted and for seeking monetary damages against immune defendants. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

     Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

    5.    Plaintiff's Motion for Order to Direct the U.S. Marshal to Serve the Summons and Complaint [Doc. No. 7] is **DENIED** as moot.

    6.    Motion to Join as Co-Plaintiff or Class Member by Non-Party Jeff Gough [Doc. No. 8] is **DENIED**.

    7.    The Clerk of Court is directed to mail Plaintiff a form § 1983 Complaint.

DATED: May 13, 2008

                                                  Hon. Jeffrey T. Miller
                                                  United States District Judge